IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| ZACHARY J. PEARCE | ) Bk. No. 25-10336 (BLS) |
| | ) Bk. BAP No. 25-24 |
| Debtor. | ) |
| | ) |
| ZACHARY J. PEARCE, | ) |
| | ) |
| Appellant, | ) |
| | ) Civil Action No. 25-634-JLH |
| v. | ) |
| | ) |
| GEORGE L. MILLER, Chapter 7 Trustee, | ) |
| | ) |
| Appellee. | ) |
| | ) |

**<u>MEMORANDUM</u>**

**I.      INTRODUCTION**

Pending before the Court is Appellant's belated response (D.I. 8) to the Court's September 22, 2025 Show Cause Order (D.I. 5), along with two emergency motions (D.I. 9, 11) (together, the "Emergency Motions"), and a brief and declaration in support (D.I. 10, 12), all of which were filed by Appellant following the Court's dismissal of his appeal on October 29, 2025.  The Emergency Motions will be denied for the reasons set forth herein.

**II.     JURISDICTION**

Appellant has appealed the final order closing his Chapter 7 case.  (D.I. 1.)  This Court has jurisdiction over appeals from final judgments, orders, and decrees of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

**III.    DISCUSSION**

As set forth herein, the Bankruptcy Court docket reflects that Appellant has filed multiple bankruptcy cases for the purposes of avoiding foreclosure on his residence located at 161 Masseys

Church Road, Townsend, Delaware 19734 (the "Property"), including the Chapter 7 case from which this appeal arises.

### A.    The First Chapter 13 Case

On November 12, 2024, Appellant filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "Chapter 13 Case") which listed the Property as his residence. *In re Pearce*, No. 24-12598 (BLS), Bankr. D.I. 1.  The Chapter 13 petition was filed without the required certificate of credit counseling, schedules, or statements.  The Bankruptcy Court issued multiple notices regarding Appellant's deficient filings.  (*Id.*, Bankr. D.I. 5, 10.)  The docket reflects no attempt by Appellant to remedy these deficiencies.  The Clerk of the Bankruptcy Court dismissed the Chapter 13 Case on December 7, 2024.  (*Id.*, Bankr. D.I. 17, 18.)

### B.    The Chapter 7 Case

Following the dismissal of the Chapter 13 Case, on February 28, 2025, Appellant filed a petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code (the "First Chapter 7 Case"),[1] which also lists the Property as his residence. (*In re Pearce*, No. 25-10336 (BLS), Bankr. D.I. 1.)  Appellant affirmed in the Petition that, "within the 180 days before [Appellant] filed this bankruptcy petition," he had "received a briefing from an approved credit counseling agency," and further affirmed the requirement that, "[w]ithin 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate [of completion] and payment plan, if any."  (*Id*. at 6 of 13 (emphasis in original).)

Appellant was granted an extension of his deadline to file his schedules and statements (*id*. Bankr. D.I. 12) and notified of additional deficiencies (*id*. Bankr. D.I. 16) but failed to file the

---

[1] The Petition attaches a three-page list, or what Appellant refers to as an "entity cheat sheet," with respect to multiple businesses Appellant purports to own.

2

required certificate of credit counseling by the March 17, 2025 deadline or to otherwise seek an extension.

On April 15, 2025, the Bankruptcy Court issued a notice scheduling a "Hearing on Credit Counseling Deficiency" for May 1, 2025, at 1:30 p.m., which advised that "***Debtor's failure to appear may result in the case being dismissed***," and which was mailed to Appellant April 17, 2025.  (*Id.*, Bankr. D.I. 25, 26 (emphasis in originals).)

Appellant failed to appear at the May 1, 2025 hearing, and accordingly, on May 7, 2025, the Bankruptcy Court issued an order closing the First Chapter 7 case without discharge. (*Id.*, Bankr. D.I. 28.)  On May 21, 2025, Appellant filed a Notice of Appeal with respect to the Bankruptcy Court's May 7, 2025 Order closing Appellant's First Chapter 7 Case (D.I. 1), initiating this appeal (the "Appeal").

### C. The Second Chapter 13 Case

On July 23, 2025, while this Appeal was pending, Appellant filed a second petition for relief under Chapter 13 (the "Second Chapter 13 Case"), which also lists the Property as his residence.  (*In re Pearce,* 25-11389 (BLS), Bankr. D.I. 1.)

On July 24, 2025, the Bankruptcy Court issued notices of deficient filings, including certificate of credit counseling, schedules, and statements.  (*Id.*, Bankr. D.I. 5, 7.)  Among other things, Appellant was required to file his certificate of credit counseling on or before August 7, 2025.  (*See id.*, Bankr. D.I. 5.)

On August 11, 2025, the Bankruptcy Court issued a notice of hearing with respect to Appellant's failure to file the required certificate of credit counseling, setting a hearing date over six weeks later, on September 30, 2025 at 10:00 a.m.  (*Id.*, Bankr. D.I. 14.)

By order dated August 12, 2025, the Bankruptcy Court granted Appellant's request for an

extension of his deadline to file schedules and statements through August 26, 2025. (*Id*., Bankr. D.I. 15 (the "Extension Order").) The Extension Order instructed that (1) failure to comply would result in dismissal of the case, and (2) "[t]his extension does not apply to the Certificate of Credit Counseling required by 11 U.S.C. §§ 109(h) and 521(b)." (*Id*.)

On August 12, 2025, the Chapter 13 Trustee moved to dismiss the case, citing among other things, "the fact that the Debtor has commenced three (3) cases in close succession indicate a serial filing by the Debtor that lacks evidence of good faith in properly seeking relief under Chapter 13 of the Bankruptcy Code, and is abusive." (*Id*., Bankr. D.I. 16 at ¶ 6.) Appellant filed a response on September 15, 2025. (*Id*. Bankr. D.I. 20.)

On September 18, 2025, Wilmington Savings Fund Society, FSB ("WSFS"), a creditor holding a claim against Appellant secured by a mortgage on the Property, filed its Motion for an Order Confirming No Automatic Stay in Effect (the "WSFS Motion"), seeking relief pursuant to § 362(c)(4)(A)(ii) of the Bankruptcy Code, which provides that if a debtor has had two or more bankruptcy cases dismissed in the one-year period ending on the date of the filing of the current petition, the automatic stay does not go into effect upon the filing of the current petition, and that a party in interest may request an order from the court confirming that no stay is in effect. (*Id*., Bankr D.I. 21.) The WSFS Motion sought "to clarify the rights of all parties and provide support for the continued efforts of [WSFS] to schedule and proceed with a judicial foreclosure sale of the Debtor's residential real property." (*Id*. at 2.) The Bankruptcy Court issued a notice scheduling the WSFS Motion to be heard at the already scheduled September 30, 2025 hearing. On September 24, 2025, Appellant filed a response that did not address § 362(c)(4)(A)(ii) but sough relief to enjoin a sheriff's sale scheduled for October 14, 2025, with respect to the Property. (*Id*., Bankr. D.I. 28.)

Appellant filed various other motions seeking to avoid judicial lien, to find contempt and impose sanctions, to be granted injunctive relief, and a further extension of the deadline to file his schedules and statements. (*Id*., Bankr. D.I. 26, 30, 32, 34 (together, the "Additional Second Chapter 13 Motions").) Appellant noticed a hearing on each of the Additional Second Chapter 13 Motions for October 28, 2025. (*Id*., Bankr. D.I. 27, 31, 33, 35.)

The Bankruptcy Court held a hearing and ordered that the Second Chapter 13 case be dismissed with prejudice for abuse. (*See id.* Bankr. D.I. 40, 41, 44.) In accordance with this ruling, the Bankruptcy Court issued several orders. First, the Bankruptcy Court issued an order granting the WSFS Motion, confirming that "the automatic stay under 11 U.S.C. § 362 is not in effect in this bankruptcy case as a result of the dismissal of the Debtor's prior bankruptcy cases" and allowing "WSFS" to proceed with exercising its rights and remedies against the Debtor and Debtor's property, including by foreclosure on the Debtor's residential real property." (*Id*., Bankr. D.I. 42.) Second, the Bankruptcy Court issued an order denying the Additional Second Chapter 13 Motions. (*Id*., Bankr. D.I. 44.) Finally, the Bankruptcy Court issued an order (1) dismissing the Second Chapter 13 case with prejudice; (2) barring Appellant from filing for bankruptcy relief for one year, *i.e*., through September 30, 2026; and (3) ordering that "should the Debtor file a Bankruptcy Petition, in any District, in violation of this Order, the automatic stay of 11 U.S.C. Section 362 shall not go into effect and such filing shall be deemed a nullity." (*Id.,* Bankr. D.I. 43.)

On November 4, 2025, Appellant filed a motion to reconsider the dismissal of the Second Chapter 13 Case. (*Id*., Bankr. D.I. 47.) Following a hearing held on November 25, 2025, Appellant's motion was denied by the Bankruptcy Court. (*Id*., Bankr. D.I. 54.)

### D. The Additional Bankruptcy Cases

Appellant is a principal of Gray's Landing Development, LLC ("Gray's Landing") which is alleged to own, or have an ownership stake in, the Property. Gray's Landing was the subject of a *pro se* Chapter 11 petition signed by Appellant in 2023, which was dismissed on December 18, 2023. (*In re Gray's Landing Dev. LLC.*, No. 23-12046 (BLS), Bankr. D.I. 5.)

Gray's Landing filed another Chapter 11 petition (also signed by Appellant, and again, without counsel representing the corporate debtor) on November 5, 2025. (*In re Gray's Landing Dev. LLC,* No. 25-11967 (BLS).) The next day, on November 6, 2025, a separate Chapter 7 petition for Gray's Landing was filed by Appellant, once again without counsel for the corporate debtor. (*In re Gray's Landing Dev. LLC,* No. 25-11970 (BLS).) Following a hearing held on November 12, 2025, both cases were dismissed by the Bankruptcy Court by Orders dated November 13, 2025. (*In re Gray's Landing Dev. LLC*, No. 25-11967 (BLS), Bankr. D.I. 3; No. 25-11970 (BLS) Bankr. D.I. 4.)[2]

On November 17, 2025, Catherine Fry Pearce ("Mrs. Pearce") filed a *pro se* Chapter 13 petition in the Bankruptcy Court. *In re Catherine Fry Pearce*, No. 25-12065 (BLS). The record reflects that Mrs. Pearce is Mr. Pearce's mother, and she currently resides in the Property and asserts a lien or mortgage against the Property. The case was dismissed on December 8, 2025. (*Id*., Bankr. D.I. 25.)

### E. The Appeal of the Chapter 7 Case Dismissal

Meanwhile, Appellant's instant Appeal of the order dismissing Appellant's Chapter 7 Case, filed on May 21, 2025, remained pending. (D.I. 1.) On August 7, 2025, the Court issued an order

---

[2] These orders have each been appealed to this Court. (*In re Gray's Landing Dev. LLC*, Civ. Nos. 25-1432 (GBW) & 25-1433 (GBW).)

6

directing Appellant to file an opening brief in support of the appeal no later than September 5, 2025. (D.I. 4.) Appellant failed to file an opening brief, a request to extend the deadline to do so, or a statement of issues on appeal as required by Federal Rule of Bankruptcy Procedure 8009.

On September 22, 2025, the Court issued an order (D.I. 5) (the "Show Cause Order"), directing Appellant "to show cause in writing, no later than October 24, 2025 why this appeal should not be dismissed," and further advising that "failure to comply with this deadline may result in the dismissal of the appeal without further notice." Appellant failed to comply with the October 24, 2025 deadline set in the Show Cause Order, and the appeal was dismissed. (D.I. 6.)

On October 30, 2025, Appellant filed various documents, which although not entirely clear, appear to include a response to the Show Cause Order (D.I. 8), which mentions personal duress, hardships, and "ancillary litigation." Appellant has also filed the Emergency Motions currently pending before the Court, which seek to "reinstate" the Chapter 7 Case and reimpose the automatic stay, and also seek a preliminary injunction and temporary restraining order with respect to any actions against the Property.

### F. The December 8, 2025 Order Providing the *In Rem* Remedy Prescribed by 11 U.S.C. § 362(d)(4)

On December 8, 2025, the Bankruptcy Court issued a separate Memorandum Order in the Second Chapter 7 case, ordering the *in rem* remedy prescribed by section 362(d)(4) of the Bankruptcy Code, pursuant to which the court may grant relief from the automatic stay "(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved …. (B) multiple bankruptcy filings affecting such real property." (*In re Pearce*, No. 25-11389 (BLS), Bankr. D.I. 56 (Bankr. D. Del. Dec. 8, 2025) (the "December 8, 2025 Order") at 2-3 (quoting 11 U.S.C. § 362(d)(4)).) As the

7

Bankruptcy Court explained, "Congress has built specific provisions into the Bankruptcy Code to address circumstances where debtors pursue serial filings in an abuse of the bankruptcy system and to the unfair detriment of their creditors." (*Id*.) Based on the extensive record, the Bankruptcy Court found that "[Appellant] has orchestrated these many bankruptcy filings in this Court as part of a scheme to hinder and delay his creditors." (*Id*. at 2.) The Bankruptcy Court further found:

> None of the multiple filings made by Mr. Pearce demonstrate a meaningful intention to utilize the rehabilitative tools of the Bankruptcy Code, beyond obtaining a brief reprieve from his creditors. Mr. Pearce has failed to perform his duties as a debtor in possession in any of these cases or to make any of the basic filings, such as schedules of assets and liabilities, to facilitate the administration of his cases. The Court further notes that the same maladies afflict the Gray's Landing cases, in addition to having been impermissibly filed without counsel for the corporate debtor.
> …
> [T]he petitions described above w[ere] part of a scheme to delay and hinder creditors that involved multiple bankruptcy filings affecting the subject Property within the meaning of 11 U.S.C. § 362(d)(4) …

(Id. at 3–4.) Having found that "[t]he factual record developed in these many cases and summarized above provide an ample evidentiary predicate for application of the "*in rem*" remedies available under Bankruptcy Code § 362(d)(4)" (*id*. at 3), the Bankruptcy Court issued the December 8, 2025 Order, a certified copy of which must be indexed and and recorded by "[a]ny Federal, State, or local governmental unit that accepts notices of interest or liens in real property." 11 U.S.C. § 362(d)(4) (final sentence).

### IV.     CONCLUSION

Consistent with his litigation history in the Bankruptcy Court, Appellant has filed multiple, duplicative requests for relief in this Court but has failed to abide by the filing requirements set forth by the Bankruptcy Code and the deadlines imposed by this Court. Appellant's additional

8

Emergency Motions, filed after the dismissal of this Appeal, will be denied and no further requests for relief in this Appeal shall be considered.  A separate order follows.

Dated: December 10, 2025

                                                 THE HONORABLE JENNIFER L. HALL
                                                 UNITED STATES DISTRICT JUDGE